NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| ALBERT W. CALLWOOD and MARIA DE LOS A. CALLWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN DEJONGH JR., DARRYL SMALLS, ISLANDS ROADS CORPORATION, GOVERNMENT of the VIRGIN ISLANDS, JUDGE CURTIS V. GOMEZ, and CLERK GLENDA L. LAKE, <br><br> Defendants. | Civ. No. 18-04 <br><br> **OPINION** |

THOMPSON, U.S.D.J.[1]

## **INTRODUCTION**

This matter comes before the Court upon the failure of *pro se* Plaintiffs Albert W. Callwood and Maria De Los A. Callwood (collectively, "Plaintiffs") to comply with an Order of the Court. For the reasons stated herein, this case is dismissed for lack of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## **BACKGROUND**

Plaintiffs filed this action on January 23, 2018, alleging constitutional violations related to their real property. (ECF No. 1.) Defendants Judge Curtis V. Gomez and Clerk Glenda L. Lake filed amended Motions to Compel Proper Service of Process on March 27, 2018. (ECF

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Nos. 21–22). On March 14, 2019, the Court granted Defendant Judge Curtis V. Gomez's and Defendant Clerk Glenda L. Lake's motions. (ECF No. 45.)

On May 2, 2019, the Court entered an Order directing Plaintiffs (1) to submit any documentation showing whether Defendants Clerk Glenda L. Lake and Judge Curtis V. Gomez had been served, and (2) to advise the Court whether Plaintiffs would seek default judgment against the remaining Defendants under Rule 55 of the Federal Rules of Civil Procedure. (ECF No. 49.) The Court directed Plaintiffs to respond by May 13, 2019. (*Id.*)

Plaintiffs never addressed the Court's Order.[2] On October 25, 2019, the Court issued a second Letter Order requesting that Plaintiffs comply with the Court's initial Order within ten days or the Court would dismiss this matter for lack of prosecution. (ECF No. 53.) On November 1, 2019, Plaintiffs submitted a document realleging several of their claims without addressing either of the Court's Orders. (ECF No. 54.)

## **LEGAL STANDARD**

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of a court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). District courts have inherent power to dismiss a case *sua sponte* for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Dyotherm Corp. v. Turbo Mach. Co.*, 392 F.2d 146, 148 (3d Cir. 1968) ("Dismissal of a complaint for want of prosecution is within the court's sound discretion."). Dismissal "should be resorted to only in extreme cases; the policy of the law is to

---

[2] On August 19, 2019, Plaintiffs submitted what appears to be an amended Complaint, in which Plaintiffs reference default judgment in general terms. (*See* Aug. 19, 2019 Am. Compl. at 23–25, 61–62, 65, ECF No. 52.) However, these references appear to be similar to those appearing in earlier versions of the Complaint filed before the Court's May 2, 2019 Order and do not satisfy the Court's specific requests.

favor the hearing of a litigant's claim upon the merits." *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974) (citation omitted). However, "the authority to dismiss for lack of prosecution . . . is [a] 'control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (citing *Link*, 370 U.S. at 630–31). In exercising its discretion on the propriety of dismissal under Rule 41(b), the Court considers "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).

## DISCUSSION

On balance, the *Poulis* factors warrant dismissal of this case. First, Plaintiffs are responsible for failing to comply with the Court's Orders. Plaintiffs were mailed notices of the Orders and have offered no reasonable explanation for failing to comply with them. Second, Plaintiffs' failure to comply with the Orders has unduly delayed resolution of this case, thereby prejudicing Defendants. Finally, the Court attempted an alternative to dismissal by issuing an Order on October 25, 2019 that provided Plaintiffs with additional time in which to satisfy the Court's requests. Plaintiffs' failure to comply with either of the Court's Orders warrants dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated herein, this case is dismissed for lack of prosecution. An appropriate Order will follow.

Date: <u>November 8, 2019</u>                             */s/ Anne E. Thompson*
                                                                           ANNE E. THOMPSON, U.S.D.J.